UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OLE SMOKY DISTILLERY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-178 |
| | ) |
| KING DISTILLING CO., LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge Debra C. Poplin dated December 30, 2019, [Doc. 24]. In that Report and Recommendation, the Magistrate Judge recommends that Plaintiff Ole Smoky Distillery, LLC's ("Ole Smoky Distillery") motion to for entry of default judgment, [Doc. 12], be denied as moot, Defendant King Distilling Company, LLC's ("King Distilling") motion to set aside entry of default, [Doc. 13], be granted, and Defendant's motion to Stay, [Doc. 18], be denied as moot. Defendant has timely objected to the Report and Recommendation. [Doc. 25]. Also before the Court are Defendant's motion for an extension of time to file a reply, [Doc. 27], and Plaintiff's motion to strike the reply to the response, [Doc. 29]. The matters are now ripe for review.

**I.  Background**

The facts in this case are fully set forth in the Report and Recommendation. [*See generally* Doc. 24].

Defendant objects specifically to Part III, 4., titled "Costs", of the Report and Recommendation, which sanctions Defendant and awards Plaintiff reasonable attorney's fees and costs. Fed. R. Civ. P. 72; [Doc. 25]. In the December 2019 Report and Recommendation, the Magistrate Judge recommended this Court set aside the entry of default against Defendant, noting the strong policy in favor of deciding cases on their merits. [Doc. 24 at 13]. The Magistrate Judge further recommended that Defendant should pay for Plaintiff's costs and fees incurred in the filing of Plaintiff's application for default, Plaintiff's Motion for

1

Default Judgment, and the filing related to Defendant's motion to set aside entry of default and motion to stay. [*Id.* at 15]. Relying on *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190 (6th Cir.1986), and *Tubbs v. ABC Prof'l Tree Serv. Inc.*, No. 3:14-CV-0783, 2015 WL 3511219 (M.D. Tenn. June 4, 2015), the Magistrate Judge reasoned that Defendant's "conduct does warrant some sanction because Defendant's actions in this case needlessly increased Plaintiff's costs." [*Id.* at 14].

**II.     Analysis**

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties object. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Defendant challenges only the Magistrate Judge's conclusion with respect to the requirement that Defendant pay Plaintiff's attorney's fees and costs associated with the default judgment proceedings. [*See* Docs. 24 at 13-15; 25]. Defendant "submits that the sanction recommended in the Report [and Recommendation] is overly harsh, unjustified, and disproportionate under the circumstances of this case, and that adherence to the same would unfairly and without good reason reward a party who chose to pay its attorney to unsuccessfully contest an otherwise meritorious motion." [Doc. 25 at 1]. Defendant argues the Magistrate Judge relied on the "outlier" *Tubbs* opinion, which was "improperly invoked as authority in this case" when the Court imposed the monetary sanction. [*Id.* at 3]. Further, Defendant argues the decisions relied on in the Report and Recommendation "involved relatively egregious misconduct on the part of the Rule 55(c) movant unlike that of the Defendant in the present case." [*Id.* at 7].

In this case, if the entry of default is set aside under Federal Rule of Civil Procedure 55(c), Plaintiff has asked the Court for reimbursement of attorney's fees and costs incurred in relation to the default proceedings. Setting aside an entry of default "does not preclude the district court from assessing or

determining some appropriate penalty or sanction against the defendant or his counsel for the delay occasioned by [] careless and inexcusable conduct." *Shepard Claims Serv., Inc.*, 796 F.2d at 195. *See also Guyot v. Ramsey*, No. 14-cv-13541, 2015 WL 871081, at *12-13 (E.D. Mich. Feb. 27, 2015); *J & J Sports Prods., Inc. v. Cloud Nine Hookah Lounge, Inc.*, No. 14-12238, 2014 WL 5800100, at *4 (E.D. Mich. Nov. 7, 2014); *Arch Wood Prot., Inc. v. FlamedXX*, No. 1:10-CV-282, 2012 WL 1071137, at *6 (E.D. Tenn. Mar. 29, 2012); *Winslow v. Kalamazoo Pub. Sch.*, No. 1:07-CV-65, 2007 WL 1701796 (W.D. Mich. June 11, 2007). The Court is persuaded that Defendant's careless conduct warrants the imposition of the fees and costs. Defendant was aware of this lawsuit in May, 2019, but even months later, Defendant had not yet established a process for handling a response to the lawsuit. [*See* Docs. 4; 14 ¶¶ 7-9]. Defendant's conduct caused unnecessary delay in the proceedings and overall increased litigation costs to both parties.

Taking the record as a whole into consideration, Defendant's conduct rises to the level of "careless and inexcusable" behavior warranting the Court to impose the payment of attorney's fees. *See Shepard Claims Serv., Inc.*, 796 F.2d at 195. Accordingly, the Court OVERRULES Defendant's objection to the Magistrate Judge Report and Recommendation related to the payment of Plaintiff's costs and fees associated with default judgment.

### III. Conclusion

King Distilling's motion for extension of time to file a reply, [Doc. 27], is GRANTED; Ole Smoky Distillery's motion to strike the reply, [Doc. 29], is DENIED.

King Distilling's objections, [Doc. 25], to the Report and Recommendation of the United States Magistrate Judge are OVERRULED. After consideration of the record as a whole and after careful consideration of the Report and Recommendation, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 24], and that King Distilling's Motion to Set Aside Default Judgment is, [Doc. 13] is GRANTED on the condition that King Distilling pay Ole Smoky Distillery's reasonable attorney's fees and expenses incurred in the filing of its application for a default, Motion for Default Judgment, and the filing related to the Motion to Set Aside Entry of Default and Motion

to Stay. Because Magistrate Judge Poplin has already familiarized herself with the case in considerable detail, the Court will REFER to her the determination of the proper amount of attorney's fees and costs King Distilling must pay to Ole Smoky Distillery. 28 U.S.C. § 636(b)(3).

Ole Smoky Distillery's Motion for Entry of Default Judgment, [Doc. 12], and King Distilling's Motion to Stay, [Doc. 18], are DENIED AS MOOT.

It is ordered that King Distilling file its answer within fourteen (14) days of the date of this order.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE