IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| OLE SMOKY DISTILLERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00178-JRG-DCP |
| | ) | |
| KING DISTILLING CO. LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This Action is before the Court upon motion by Plaintiff Ole Smoky Distillery, LLC ("Ole Smoky") for entry of default judgment of its claims against Defendant King Distilling Co. LLC ("King Distilling") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure; and the Court, having considered Ole Smoky's motion and there being no opposition thereto;

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment is GRANTED, and final judgment is hereby entered on the merits in favor of Plaintiff Ole Smoky and against Defendant King Distilling on all Counts of Ole Smoky's Complaint. Accordingly, Ole Smoky's Motion for Entry of Default Judgment Against Defendant is **GRANTED**. Specifically, the Court finds and declares that use of the mark SMOKY MOUNTAIN MOONSHINE by King Distilling in connection with the goods and services described in the Complaint has and will likely cause confusion with, infringe, dilute, injure, and otherwise impair the distinctiveness, reputation, and goodwill of Plaintiff's rights in and to the Ole Smoky Moonshine Marks identified in the Complaint.

Further, Defendant King Distilling and its respective officers, agents, servants, employees, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

a. Using the mark SMOKY MOUNTAIN MOONSHINE, or any other logos or trademarks that are confusingly similar to the Ole Smoky Moonshine Marks identified in the Complaint, for distilled spirits, clothing, retail services, or other related goods or services;

b. Engaging in any course of conduct with respect to the Ole Smoky Moonshine Marks that is likely to mislead the public into believing that products or services marketed and/or offered by King Distilling are affiliated with Ole Smoky;

c. Engaging in any other activity constituting infringement or unfair competition with the Ole Smoky Moonshine Marks or otherwise unfairly competing with Ole Smoky; and

d. Effecting assignments or transfers, forming new entities or associations or otherwise circumventing or avoiding the prohibitions set forth herein.

Dated _____ ___, 2020.

John L. Medearis, CLERK

By _____
Clerk of Court